U.S. COURT OF APPEALS
RECEIVED
CLERK
NOV 03 2025
ATLANTA, GA

United States of America ⌉  Direct Appeal from 3:21-cr-0004-TCB-RGV

      vs.           | Motion for Substitution of counsel

Robert  Purbeck    | Leave of court to Supplement Initial Brief

No. 24-13841 ⌋ Remand to district court for a hearing on
                    Docket 130 - Rule 33 motion

 

Comes now Robert Purbeck to request new counsel be appointed in the above titled matter. Mr. Purbeck was not consulted prior to the filing of the initial brief and was not even mailed a copy of the initial brief until October 2nd, 2025 recieved on October 10th, 2025 by Mr. Purbeck at FCI Sheridan. The attorney assigned by the district court was at all times incompetent, but not consulting Mr. Purbeck before filing was entirely unnaceptable. Mr. Purbeck would not have approved of the brief. It was wholely inadequate. Mr. Purbeck requests new representation & an opportunity to supplement the initial brief. He also seeks remand to the district court to properly consider the rule 33 motion filed by Mr. Purbeck while he was unrepresented by counsel (Docket 130) The rule 33 motion should have been properly considered by the court before the direct appeal stage.

## I. - Motion for Substitution of Counsel -

Mr. Purbeck was prejudiced by his current appeal counsel and requests a new appointment. Mr. Purbeck spent a lot of time preparing for the appeal, but counsel was not available and did not properly consider Mr. Purbecks strategy for the

appeal. Mr. Purbeck did request an audience on multiple occasions, but appelate counsel ignored messages, phone calls and other communications for months. Because of the lack of communication Mr. Purbeck languished in FCI - Atlanta for seven months because of a deliberate abdication of responsibility by Judge Timothy Batten at a minimum and under the proposed activity that the undersigned believes the record will show Mr. Batten ~~did~~ instructed the U.S. Marshalls to fail to effect service of process of the judgement and commitment order in order to effectuate revenge against Mr. Purbeck for Docket #130. With an active attorney with even a modicum of integrity and work ethic Mr. Purbeck would have been moved to ~~$~~ SCP-Sheridan seven months earlier. This prejudiced Mr. Purbeck by adding 120 days extra to his effective sentence. Mr. Purbeck can show that Timothy Battens Judgement and Commitment was so flawed as to cause deliberate harm to Mr. Purbeck above the statutory allowances set by Congress and the Sentencing Committee.

Appelate counsel also failed to ^fully consult Mr. Purbeck about ~~the~~ matters for appeal and deliberately didn't show the initial brief to Mr. Purbeck before filing it, knowing it was not a complete appeal that Mr. Purbeck would have agreed to. Once filed Counsel did not send a copy of the initial brief to Mr. Purbeck until the time stamp on the mailed document shows October 2nd, 2025 ~~$~~ and it was not recieved at SCP-Sheridan by Mr. Purbeck until October 10th, 2025. If the Government has replied Mr. Purbeck has still not recieved a copy of that brief at the time of this Motions date of preperation October 26th, 2025 and has not heard from his lawyer after asking her to draw up a document asking for replacement counsel.

②

Ms. Websters conduct was not just unprofessional to Mr. Purbeck but was abusive to BOP staff. Mr. Purbeck was told after the third call where Ms. Webster had set appointments to talk to Mr. Purbeck by phone meeting where she no-called/no-showed to the meetings ~~that~~ she would be banned from future meetings by phone with Mr. Purbeck. ~~because It~~ was highly abusive of case manager and counselor time. I will detail the events in the timeline below.

— Timeline —

A. 11/13/2024 Judge Timothy Batten released Andrew Hall from representation of Mr. Purbeck with one narrowly tailored exception for filing an appeal for Mr. Purbeck. Sentencing transcript page 65, "So I will allow you to step aside <u>now</u> under the CJA." This represented structural error for Mr. Purbeck by taking away counsel during a critical post-conviction stage.

B. 11/13/2024 Immediately after releasing Andrew Hall from representation of Mr. Purbeck, Mr. Batten sent a U.S. Marshall special agent to Mr. Purbecks holding cell with the intention of harrassing Mr. Purbeck with an Unmirandized custodial interogation of Mr. Purbeck to find out how Mr. Purbeck was made aware of the information contained in Docket entry #130, which Mr. Batten presumably lied about in his response at docket entry #133. The special agent came out of the judges chambers before the sentencing hearing and was aware of the hidden docket entry. Andrew Hall happened to come down to say goodbye and stymied the illegal plan by The Judge and U.S. Marshall.

C. 11/14/2024    On 11/14/2024 judge Batten issued the first judgement and commitment order which Mr. Purbeck has never seen a copy of, nor has the BOP. Judge Batten also denied motion in docket entry #130 as moot and also as entered ~~by~~ as ~~its~~ a ~~person not~~ pro-se motion when counsel was appointed. Note counsel had been released from service on 11/14/2025 so this pronouncement violated Mr. Purbecks rights under the 6th amendment and also violated case law showing that post-conviction is a critical stage. Further the motion was a rule 33 motion for a new trial because of ~~the~~ hiding of the docket entry for the judges personal desire to hide his iniquity from the public record.

D. 11/15/2025    Judge Batten modified the Judgement and commitment containing an enormous amount of errors. He first ~~abd~~ abdicated his responsibility ~~to~~ include a restitution schedule both for the purposes of the BOP and for supervised release (Ward vs. Chavez 9th Cir 2012). Second of all he adopted ~~the~~ Discretionary standard conditions of release that Mr. Purbeck had no advanced notice of and were not attached to the PSR or any other document reviewed with Mr. Purbeck or his attorney Fed. R. Crim. P. 32(i)(1)(A) *see United States v. Sottero 510 F.3d 858, 863 (9th Circuit)(per curiam) Thirdly he modified the oral pronouncements in the written J and C to include new restrictions on use and possession of alcohol and a blanket ban on Internet access. Fourthly he ~~did not~~ abdicated his responsibility to ensure the BOP received a copy of the Amended Judgement and commitment or the initial Judment and

USCA11 Case: 24-13841    Document: 34    Date Filed: 11/03/2025    Page: 4 of 22.

4.

Commitment ~~sent~~ Produced on 11/14/2025. This deliberateness resulted in Mr. Purbeck spending 7 months in FCI - Atlanta in Minimum security Pre-trial status in the Jail. A dangerous location where Mr. Purbeck was extorted and threatened with being shanked. The conditions were also very unsanitary with roaches and black mold causing Mr. Purbeck to be sick with various ailments almost continuosly during the stay. Altogether Mr. Purbeck was stuck in transport for 8 and ½ months caused by Judge Battens revenge for Docket entry #130. Further as previously mentioned this abdication has caused Mr. Purbeck to lose 120 days of FSA time credits and it is the Courts fault. Ms. Webster could have solved it, but she wouldn't answer any communications. In the end Mr. Purbeck got moved because of his outreach to a Jewish organization known as the Aleph Institute who hires Rabbis who advocate for prisoners. Mr. Purbeck contacted a Rabbi who got him designated less than two weeks after initial contact. Then although the BOP is required to get a copy of the judgement and commitment from the court, the court refused to send a copy to the BOP. So the BOP accepted the copy Mr. Purbeck provided them because of Mr. Battens deliberate malfeasance which represents structural error.

E. 11/21/2024 Judge Vineyard assigned ~~test~~ Leigh Ann Webster to represent the appeal stage, but altered the record to show continuous representation despite the oral order by Judge Batten. This is Structural error.

⑤

F.   on 12/5/2024, Andrew Hall sent a letter to FCI - Atlanta
informing me of the change in ~~cc~~ counsel and the
contact information for the new attorney. Ms. Webster
never sent any letter or communication about her
representation. I know her letters could arrive in FCI -
Atlanta because another inmate who had pimped little girls
also had her as an appelate counsel and she sent him
communications, but not Mr. Purbeck.

G.   Throughout December Mr. Purbeck attempted to call
Ms. Websters number to set up an appointment but
her phone system was not compatible with the BOP's
inmate call system if not answered immediately because
of restrictions on voicemail. Getting time on transport
phones is very difficult and requires excessive waiting
and excessive cost but not one of the many
attempts was answered by her staff or herself.

H.   Mr. Purbeck's partner then tried to call to set up
an appointment and was finally told that Ms. Webster
was out of the country for an extended period into
January. ~~at some~~ When the date approached Mr.
Purbeck sent a letter ~~to~~ requesting an audience with
Ms. Webster to review strategy; he also gave authorization
for his partner to recieve information on Mr. Purbecks
behalf and to send communications. That letter
went unanswered for months. So did all e-mails
and phone calls from Mr. Purbeck's partner.
Mr. Purbeck knew critical dates had gone by without
any messages or replies from counsel.

6.

In Transit you are in an information vaccuum. The BOP law library is only updated on the first week of each quarter. It is then six months behind the first week of each Quarter. So at times it is almost nine months behind. Mr. Purbeck had absolutely no idea of the status of anything to do with his case. Finally in Mid-March of 2025 Ms. Webster granted an audience with Mr. Purbeck by phone for a short 15 minute phone call where she asked what documents I wanted sent to me. She had not reviewed anything on the case and could only make generic replies. She gave me the dates for the appeal brief due date. She sent some of the documents, but not all the most important ones and that was the only thing I recieved from her until after her appeal initial brief was filed. On that brief call she did acknowledge recieving the letter allowing my partner to contact her and send and recieve communications on my behalf. She also told me at that time she would communicate with a contact of hers about getting the Judgement and Commitment issue fixed.

Once Mr. Purbeck recieved the documents he was able to find a number of issues with the sentencing hearing that could be raised on appeal. To be frank the government forum shopped this entire prosecution for one reason and that was because they had a corrupt judge who would reliably lie about 9th circuit law. The events of this case occurred in the 9th circuit State of Idaho and this

prosecution clearly attempted to relitigated a precluded issue that was decisively decided in the case of Sergio Herran. The government made the exact same argument in Sergio Herrans case and was told by Chief Judge Sydney Thomas in no uncertain terms that he sat on both the precedential case of Craighead and on Herran and the governments arguments was flatly false. He told the government they were liars. So come to the 11th Circuit court before the thief Judge Batten who is far more interested in satisfying a corrupt prosecutor who could prosecute him for stealing from the United States and he lied for the government to give them the win in this case. Both the Governments argument in the suppression hearing and the Judges deliberate falsehood in his order Constituted structural error.

I. On January , 2025 Judge Batten changed the location of his corporation T.E.C.H. Ventures Inc. from the 18 Greenville Street, Newnan, GA address to a different address in Newnan, GA.[1]

J. Prior to April 29th, 2025 Leigh Ann Webster set up a meeting to speak with Mr. Purbeck by phone at FCI-Atlanta. Counselor Pollard prepared Mr. Purbeck to speak to his attorney at 11:00 am. She no-showed for over an hour. Later that day on the 29th, she set up another meeting for April 30th, 2025. On April 30th, 2025 she again no-showed for Case manager S. Owens again delaying the appointment for

---

1. Mr. Purbeck will not name the other address because there is a strong possibility that it is Mr. Battens home address which he stupidly placed in the public record. (8)

May 1st at 9:00 a.m. Ms. Lucas a counselor again prepared Mr. Purbeck for the third attempt at a meeting with his lawyer that Leigh Ann Webster set the appointment for. She again no showed for over 45 minutes. Eventually she came on to tell Mr. Purbeck his appeal was due on May 16th and she hadn't read anything and only knew a surface level amount of information for the appeal. Ms. Lucas after the brief worthless meeting told Mr. Purbeck that any future meeting with the lawyer would be restricted to in-person meetings because of Ms. Websters high level of un professionalism. One other issue that Ms. Webster communicated with Mr. Purbeck was that she had made no attempt to fix the issue that was keeping Mr. Purbeck at FCI-Atlanta in transportation.

K In Mid-May 2025 Mr. Purbeck found out about a rabbi at the Aleph Institute that had the ability to advocate for designation problems at the BOP. Mr. Purbeck signed a form the rabbi sent him and within 2 weeks of getting the form, the Jail administrator asked Mr. Purbeck if he had a copy of his Judgement and Commitment. Even though it was unorthodox the BOP accepted the inmate copy of the J&C because of the complete abdication of responsibility by the Court to do its job properly. On the first Wednesday of June, Mr. Purbeck was informed that the advocacy of the Rabbi had gotten him designated ⑨

After speaking to the transportation ~~CB~~ corrections
officer who sometimes worked in his unit Mr. Purbeck
identified the day he would leave Atlanta. Because
it was coming up within 2 weeks Mr. Purbeck had
his partner urgently tell Ms. Webster about the exact
date he would leave so that an in-person strategy
meeting could be set up and the appeal could be filed
in June as a court extension allowed. Ms. Webster recieved
the message but ignored it until the week Mr. Purbeck
left. She tried to set up an in-person meeting
with Mr. Purbeck for the week after Mr. Purbeck had
told her he would be in transit. It was a deliberate
strategy to delay this court and gain additional time.

L. Mr. Purbeck left transit on July 30th, 2025 finally
arriving at SCP-Sheridan. During this time Ms.
Webster made no attempt to communicate with Mr.
Purbeck even though some facilities had excellent zoom
meeting spaces that could be coordinated and she
was informed of every location Mr. Purbeck was at
by Mr. Purbecks partner. Mr. Purbecks property including
work-privilege notes were in a seperate transit that
would not arrive until days before the final extension
date granted by the court September 4th, 2025.

M. After arriving in SCP-Sheridan Ms. Webster finally ~~set~~
set up a meeting with Mr. Purbeck on August 6th, 2025 at
8:00 am. Mr. Purbecks detailed case notes and documents

(10)

were still in transit and would not be recieved for at least 2 and a half more weeks. He met with her and recited the case law he could remember Maldanado-Maldanado, in Re Murchison, Farias-contreras (en-banc), united states vs Soltero (per curium) etc. but his detailed notes and the documents he could reference were not there. Ms. Webster promised to set up another meeting and send the missing documents. That was the last Mr. Purbeck would hear from her before the low-quality appeal brief was filed on September 4th, 2025, As expected no documents were sent.

N. On September 4th, 2025 at 10:04 am the appeal brief was filed without input from Mr. Purbeck.

O. On September 4th, 2025 at 3:00 pm Mr. Batten updated his corporate structure again after learning that Ms. Webster would refuse to appeal his corrupt rulings.

P. On October 10th, 2025 Mr. Purbeck finally got to review the poor quality appeal brief filed by Ms. Webster. His partner had asked numerous times for it to be sent and Webster had not done her job to send it.

As this timeline shows Mr. Purbeck was ready at all times to speak to his court appointed lawyer about this brief, but was rebuffed and the appeal was filed without any meaningful input from Mr. Purbeck.

It did not meaningfully articulate Mr. Purbeck's strategy for appeal which first of all was about the structural errors. IE. A judge who is stealing from the United States cannot be unbiased in his rulings. Mr. Purbeck sought civil remedies to allay evils done to him by the government and the government waded into the controversies and utilized the Court in Georgia to & run interference with Mr. Purbecks claims. In every single instance the government lied about what was claimed in the different courts whether by ommission or commission. Many of the documents were sealed by district court ~~judges~~ judges or even Circuit court judges and yet some hillbilly yokel magistrate judge in Newnan Georgia decided he had the authority to defy a 9th Circuit Circuit judges' Sealing order and allow a lying prosecutor primarily Michael Herskowitz to present them and ^ to make false rulings about the documents. The magistrate judge also falsified the record and renamed the courts the documents came from to prevent this tribunal from having a correct record to look at. This is all structural error.

In the sentencing hearing and sentencing memorandum the government makes a big deal about me pointing out Mr. Herskowitz's religion. This is all public record. You cannot post a video on a highly trafficked public video streaming service and then claim any expectation of privacy. Garnier v. O'connor - Ratcliff 21-55 118, 21-55157 (9th Cir July 27, 2022) and HiQLabs vs.

(12)

LinkedIn Corp 938 F.3D 985 (9th Cir.2019). 9th
Circuit law is controlling because Mr. Purbecks
civil suit is in the District of Idaho and the
doctrine of the Lex Loci applies. But even where
the case doctrine is from the 11th circuit states is
relevant refer to U.S. "Carmichael 326 F. Supp. 2d 1267
(M.D. Alabama 2004) a case where a defendant was
punished for criticizing a prosecutor and government witnesses
online the court properly came to the conclusion that
the defendant had a 1st amendment right to criticize
the government and it couldn't be held against him. See
also binding Supreme court case U.S. v Goodwin, 457
U.S. 368 (1982)

Beyond the obvious 1st amendment violation the
judge committed in basing his punishment on the
protected speech, this also violated the Jurisdictional power
of the courts. The case was properly before the Idaho
Court, who had jurisdiction for the witnesses in the
Ada County Sherrifs office. No amount of deceit by
the corrupt prosecutor matters, Mr. Purbeck had a right
to challenge the behaviour by his terrorist FBI agents
who had been shown to have lied brazenly in the
suppression hearing to correct the record. The government
especially Mr. Herskowitz is perfectly aware that it has
always had a duty to correct the problematic perjury
by its chief witness in the suppression hearing.
It refuses to do so because Mr. Batten was

(13)

bought and paid for by the government AUSA's who won't prosecute him for stealing from the United States in exchange for his favorable rulings. (See docket 130)

Besides being protected speech in the Mandamus petition, the content was falsely portrayed by the government resulting in structural error for court officers lying about a document to the court. Mr. Purbeck is a proud Christian. He knows that the states of the South purport to be Christian, but most people professing to be Christians are not. He doesn't expect pagans like one of the prosecutors is, or the two Jewish prosecutors on his case to understand Christian theology, but he did use part of the document to share from the Jewish prophets about Christ. This was relevant to the document, because like any mystery it requires a means, motive and opportunity for the government to continuously lie in a case. Mr. Herskowitz lied throughout the prosecution because his religion allows lying if it is against gentiles. Well not really, just the tradition allows it. Mr. Purbeck wrote the document out of love towards Mr. Herskowitz because he wants him to take the logical step to Christianity from the false traditions that exclude Christ Jesus from his practice of religion. Mr. Purbeck doesn't want him to go to hell. Mr. Batten based his sentencing decision based on the document, and even falsely proffessed to

(14.)

be a Christian to the Senate Judiciary Committee when he thought it would be to his advantage. He is an idolater at least from anyone looking in at his life that worships filthy lucre above God.

Even with the ~~mischar~~ miscategorization of his document which was primarily about a Napue error/violation by the Government's primary witness they chose ~~to~~ to lie about the document through omission. ~~They claimed~~ The Government claimed I wasn't sorry about my crimes because I used language like ~~a~~ "apostate Jew" in my Mandamus petition to the Idaho Court, but what they failed to tell the Court was that the entire document was amended 4 days later. One only needs to look to the actual decision by Idaho Chief Judge BLW to see the governments lie was all self-serving. He did not find it to be a doxxing incident or some kind of vexatious lawsuit like the Government falsely portrayed it as. This was structural error by the Government prosecutor. He had a duty to recuse himself when he became so personally involved so as to lie to the district court. The document was amended more than 2 months before the sentencing hearing so this was all a deliberate ploy to decieve the sentencing Court. The ~~of~~ only document presented was the initial unamended document. This is structural error.

(15.)

II. Leave of Court to Supplement the Initial Brief

Because of the issues presented above it is important for Mr. Purbeck be allowed to supplement the ~~add~~ initial brief with a document that follows his strategy not the lazy work produced by Ms. Webster. Tumey vs. Ohio alone shows that Mr. Batten could not be a fair adjudicator for this case based on his theft of more than $12 from the United States and also the theft of more than $12 from the City of Newnan a victim in the case. The actual amounts of theft are much more, just anything over $12 is too much to allow fundamental fairness under Tumey.

III. Motion to Remand to District Court to Properly consider Docket #130 a rule 33 motion.

The district Court deliberately hid docket entry 130 until November 14th. The document tracking shows it was delivered on November 11th, 2024. Mr. Purbeck paid almost $55 to ensure holiday delivery by USPS. Mr. Batten knows the document showed illegal behavior he had committed with his brother from 12/20 - 1/25 where he used the Court address as his corporate address and registered agents office. This address 18 Greenville street is likely the only prestigious address in all of Newnan, a cesspit

(16.)

town with only corrupt judges as anything of important note in the cities history.

Mr. Purbeck has been in transit for a substantial time and has met many felons. One person convicted of stealing from the United States, recieved no income and only refurbished some scrap scopes that were given to him by a Colonel who he refurbed and gave back using his own money to fix them. He was convicted of theft of government property. Another person Mr. Pirbeck met stole 302 depreciated nearly worthless hard disks from his Navy Contractor employers he sold some and recieved something like $2,000 on Ebay for these long used drives with little life remaining. The government using prosecutor false math took the fair market value and inflated them from a few thousand dollars of value to more than $500K. He was sentenced to 19 months or thereabouts. Now lets consider a thief like Timothy Batten and his Co-consirator Eric Batten how much is the value of using a Federal Government building without permission from the Administrative office of the Courts and without permission from GSA for his own purposes. All the documents are filed on the Georgia Secretary of States office and signed by Timothy Batten. He also owes the City of Newnan a business tax obligation by setting up a business in the business tax district. His CEO brother cannot qualify for any exemptions to the tax. At last check his brother worked

(17.)

as a sales man at the 3M Corporation. This is of
course publicly shared on LinkedIn where there is already
9th circuit precedent showing no expectation of
privacy. Prominent Magazines such as Forbes and
Bloomberg have done expose's on Timothy Battens
suspicious gifts recieved by wealthy corporate donors.
Such as $24,000 a gift from a medical device
company, and expensive Box baseball tickets, even
subsidized Quail hunting excursions. Beyond that
the Georgia FEC FEC filings show that
timothy Batten provided campaign finance funds in
violation of Judicial Ethics Canons, and even
worse it appears to be aid and comfort to
an insurrectionist who committed insurrection against
the State of Georgia.

So besides being an overall dirtbag, the judge
oversaw a case where he was Stealing from two
parties to the controversy. This gave him a debt to
the two parties and he could not provide an
unbiased decision in any case where he is Stealing
from the parties and getting a serious Quid pro Quo
from one party undeservedly.

Mr. Purbeck seeks remand to the court for
docket 130 to be considered as a rule 33 motion
filed during a period where he did not have
representation. This was a critical stage. Menefield vs Borg
881 F.2D 696 (9th circuit) Robinson Vs. Norris 60 F.3D 459
(8th cir) Kitchen vs. United States 227 F.3d 1019 (7th cir)

18.

Mr. Purbeck also wants to strike the footnote #2 on page 22 of the initial brief as it was made without consultation with Mr. Purbeck irrespective of the other motions outcome. The rule ~~#33~~ # 33 motion had matters that the district court ignored and the district court even acknowledged that the motion was recieved timely ~~for~~ before the sentencing hearing. The speedy trial motion should have been considered as timely as should have the plea colloquy problems also laid out in the docket entry #130. Because of the courts deliberate strategy to hide the motion, Mr. Purbeck had a right to have those issues looked at by the district court.

If remanded to the court, Mr. Purbeck seeks immediate release and return to his home state of Idaho to work on ~~east~~ his case. The BOP considers Mr. Purbeck a minimum security risk. He is housed at a camp that has only a partial fence. He is not a flight risk and was on pre-trial release for nearly 4 years and over 5 years from the time of the illegal FBI interrogation that Mr. Batten lied about for the Government. With a fair judge not bribed by the Government the liklihood of a different result was much better for Mr. Purbeck especially if 9th circuit law had been followed as required by the precedent of Craighead without judicial bias.

(19)

For all the above reasons Mr. Pribeck requests relief as requested in the motions.

Signed this day October 26th, 2025.

*[signature]*

Under the Prison mailbox rule this motion
was dropped into the prison mailbox on
October 26th, 2025 ~~at 4:00 pm~~ between 4 and
8 p.m.

~~Nut d PM~~   10/26/2025

Robert Purbeck #33134-509
FCI Sheridan
Federal Correction Inst. Satellite Camp
P.O. Box 6000
Sheridan, OR 97378

PORTLAND OR RPDC 97
29 OCT 2025 PM5

- Legal Mail -

CLEARED SECURITY

NOV 03 2025

U.S. MARSHALS SERVICE
11th Circuit Court of Appeals (COA)

David J. Smith, Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

30303-228599

24-13841 · Document: 34 · Date Filed: 11/03/2025