Motion for leave to Not comply with Rules 25.1 and 26.1-1

Docket # 24-13841-AA
United States vs. Robert Purbeck
Direct appeal from
3:21-cr-00004-TCB-RGV-1



Mr. Purbeck respectfully requests to be able to have motion docket 33 reconsidered as it was impossible to comply with rules 25-1 & 26.1-1

Further on an as-applied basis the Government also did not comply with rule 26.1(a), and it was impossible for Mr. Purbeck to comply with the rule as the victims have not been identified to Mr. Purbeck and may even be fictitious as they were sealed by a protective order.

So Mr. Purbeck submits that his Certificate of Interested persons is the same as the governments in addition to whatever victims are hidden by the Government from Mr. Purbeck. Mr. Purbeck would also like to add T.E.C.H. Ventures inc. 829 Buddy West Rd. Newnan, GA
Mr. Purbeck also submits that Leigh ann Webster claimed in her Corrected motion to withdraw that she and Mr. Purbeck were incompatible so it is unlikely that she will provide adequate service on the reply Brief

1.

to be constitutionally compliant. Her inability to provide critical updates to her client as the attached Declaration shows is below the objective standards of proffessional conduct. But even more prejudicial for Mr. Purbeck is her refusal in the first initial brief to preserve an issue of utmost importance that established prejudice against Mr. Purbeck by Judge Timothy Batten as he was operating a business with his brother out of his courthouse chambers in Newnan, GA and was acting as registered agent for that for-profit Corporation. Mr. Purbeck carefully confirmed that Mr. Batten through his role as CFO of T.E.C.H. Ventures inc. was stealing from both Mr. Purbecks Section 2 victim and the City of Newnan another victim Mr. Purbeck pled guilty to accessing a cop cars insecure computer from.

Leigh ann Webster failed to preserve an issue that the record shows was present and it shows systemic failure by the Clerk of Court in providing filed documents to the court entered by the Government, but hiding and allegedly concealing from Mr. Batten until after Sentencing. A limited remand hearing would likely show Mr. Batten was fully aware of the motion & unlawfully retaliated against Mr. Purbeck at Sentencing, in the amended issuance of a judgement and commitment, and in his refusal to require service of the judgement and commitment to the BOP, resulting in an extended sentence for

(2)

Mr. Purbeck,

Leigh Ann Webster did not have the right to ignore the issue on appeal. Being an apologist for a thief and tax evader like Mr. Batten is unacceptable. Not raising the issues of the due process failure by the clerk is also not acceptable. Mr. Purbeck had a strategy that his lawyer was deliberate in not following and then concealed the initial brief from Mr. Purbeck until over a month after filing the substandard document.

So because Leigh Ann Webster informed this court that her strategy and herself were incompatible with Mr. Purbeck's strategy, Mr. Purbeck requests to be allowed to file this declaration and avoid the manifest injustice of having a low quality substandard brief filed by Leigh Ann Webster without preserving in the record a profound injustice caused by a systemic failure caused by the clerk of both the Newnan Courthouse and this ~~scribbled out~~ institution. The courts overlooking of a lawyers own admittance that she can't do the job for Mr. Purbeck with his strategy, but not allowing Mr. Purbeck to remedy the inadequate representation by enforcing rules 26.1-1 and 25-1 violates the fundamental right of access to the Courts.

signed this date 12/31/2025

(3.)

| | |
|---|---|
| Declaration of Robert Purbeck To Preserve the Record for a 2241 Appeal in the District of OREgon | Docket # 24-13841-AA United States vs. Robert Purbeck Direct Appeal from 3:21-cr-00004-TCB-RGV-1 |

*U.S. COURT OF APPEALS RECEIVED CLERK JAN 09 2026 ATLANTA, GA*

I Robert Purbeck, declare as follows:

1. I am currently in the custody of the Bureau of Prisons and confined at Sheridan Satellite Camp, Oregon within the jurisdiction of the United States District Court for the District of Oregon. I make this declaration based on my personal knowledge.

2. I am party to a pending federal appeal in the United States Court of Appeals for the Eleventh Circuit, Case # 24-13841, which concerns the legality of my conviction and custody.

3. On or about 12/19/2025, Circuit Judge Robert J. Luck entered an order, denying Leigh Ann Websters motion to withdraw on Appeal.

4. The same order specified that my reply brief was due within twenty-one (21) days of the date of the order, calculated from the date the order was entered by the Court.

5. I did not recieve a copy of this order until 12/30/2025,

①

(5.cont) which was approximately 11 days after the order was entered.

6. I recieved the order through institutional mail while incarcerated at approximately 8:37 p.m., which was after outbound institutional mail for that day had already closed.

7. As a result, I was unable to send any outbound legal mail on the date the order was recieved.

8. The delayed reciept of the order effectively left me with substantially fewer than the full 21 days specified by the court to prepare and transmit a reply brief.

9. During the relevant, outbound legal mail from my institution to Atlanta, Georgia, ordinarily required approximately 9 to 11 days of transit time, based on standard institutional mail delivery experience.

10. The remaining time available to me following reciept of the order included a holiday week, further limiting the realistic ability of any outbound legal mail to reach the Eleventh Circuit before the reply-brief deadline.

11. Based on these timing constraints, any reply brief mailed after my reciept of the order would not

②

(11 cont) reasonably have been expected to arrive at the Eleventh Circuit before the deadline calculated from the orders entry date.

12. During the period between the Courts entry of the order and my reciept of it, my Counsel of record, Leigh Ann Webster, did not inform me of the existence or substance of the order.

13. Prior to recieving the order by mail, I did not learn of it through electronic docket access or any other source.

14. On November 5th, 2025 the Clerk indicated it was impossible for me to comply with court rules to file a motion ~~using~~ because of manifestly unjust court rules that are not also required of the Government. By sealing all victims behind a ~~court ord~~ protective order the Government made it impossible to comply with Court Rules 26.1(a), "In Criminal and criminal-related appeals, the CIP (Certificate of interested Persons) must also disclose the identity of any victims." The Government did not comply with court rule 26.1(a). This is an as-applied ~~it~~ structural due process error that requires a remedy since the government wasn't held to the same standard that is impossible for me to follow. My fifth and fourteenth amendment rights were violated by the Clerks ignoring the rule for one party.

(3)

15. On November 5th, 2025 the Clerk indicated that mailing time would not be considered in my case and that filing dates were treated as firm based on the orders entry date, irrespective of prison mailbox rules. A clear first amendment violation for prohibiting access to the courts.

16. At Sheridan sattelite camp, incoming legal mail is ordinarily documented upon reciept in accordance with institutional policy.

17. In connection with the delivery of the Eleventh Circuit's order described above, no completed legal-mail log entry was provided to me, and the mail did not require a signature or documented in the manner normally performed for legal mail under FCI Sheridan policy, to the best of my knowledge.

18. The absence of standard legal-mail documentation impaired my ability to independently verify and demonstrate the date and time of reciept and the length of transit time for the courts order.

19. ~~The combined~~ In her motion dated November 12th, 2025 my attorney stated that the, "relationship [between Mr. Purbeck and Leigh Ann Webster] ~~has~~ has detriorated such that they are incompatible."

④

20. The combined effect of (a) delayed mail delivery, (b) reciept of the order after outbound mail hours, (c) holiday-week transit delays, (d) lack of contemperaneous notice from counsel, and (e) the absense of standard legal-mail documentation interfered with my ability to timely access the courts and comply with the reply-brief deadline specified by the court.

21. These circumstances were external to me, arose from the conditions of my confinement, and were beyond my ability to remedy while incarcerated.

22. This declaration is submitted to preserve a factual record in support of my claim that government-controlled mail procedures and lack of notice created cause and prejudice affecting my ability to timely litigate issues related to the legality of my custody.

I declare under penalty of perjury that the foregoing is true and correct

executed on 12/31/2025 placed in the prison mailbox on 12/31/2025 at Sheridan, OR

Robert Purbeck
33134-509   BOP Register number

(5)

Robert Purbeck
Reg # 33134-509
FCI Sheridan - Satellite Camp
Federal Correction Institution
P.O. Box 6000
Sheridan, OR 97378-9620

Legal Mail

United States Court of Appeals for the Eleventh Circuit
Office of the Clerk
56 Forsyth Street, N.W.
Atlanta, GA
30303